VIRGINIA:   IN THE CIRCUIT COURT OF HENRY COUNTY

SHARMAIN THORNTON,

    Plaintiff

v.

Case No. CL17-1188

WAL-MART STORES EAST LP
d/b/a WAL-MART SUPERCENTER #1243
c/o CT CORPORATION SYSTEM,
Registered Agent
4701 Cox Road, Suite 285
Glen Allen, VA 23060

    Defendant.

## COMPLAINT

NOW COMES the Plaintiff and files this Complaint and moves that the Court enter judgment in favor of the Plaintiff against the Defendant in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) together with prejudgment interest, post judgment interest and taxable court costs which sums are legally and lawfully due the Plaintiff from the Defendant on account of personal injuries suffered by the Plaintiff as a direct and proximate result of the negligence of the Defendant, some of the particulars of which are as follows, to-wit:

    1.    On September 28, 2015 the Plaintiff was a customer and invitee in Wal-Mart Supercenter #1243 in Henry County, Virginia.

    2.    Defendant owned and operated the Wal-Mart Supercenter #1243 in Henry County, Virginia.



3. On September 28, 2015 at approximately 6:00 p.m., the Plaintiff entered the Wal-Mart store through the main entrance and proceeded to the seasonal section of the store where the Halloween items were being offered for sale to the public.

4. At the time and place and date aforesaid the Plaintiff was walking in the aisle of the Halloween items and reached her hand out to hand money to her mother when she slipped and fell in what appeared to be dirty water, which was not visible to her prior to her fall.

5. The proximate cause of her fall was the negligence of the Defendant in that the Defendant failed to use reasonable care to keep their premises reasonably safe. The Defendant failed to use reasonable care to prevent the presence of water on its floor or to warn customers and invitees of wet floor conditions. The Defendant failed to post any warning signs as to the presence of water in the aisles of the store.

6. As a direct and proximate result of the negligence of the Defendant the Plaintiff fell and suffered personal injuries as follows:

    (a) Has suffered pain and suffering and mental anguish as a result of the injuries she received in the accident sued upon.

    (b) Has been permanently injured as a result of the accident sued upon.

    (c) Has been rendered less able to perform her normal and usual daily tasks and functions as a result of the accident sued upon.

    (d) Has been caused to expend sums of money in an effort to seek a cure for the injuries she received in the accident sued upon including fees and charges for nurses, doctors, hospitals, x-rays and similar medical expenses.

(e) Will be required to expend sums of money in the future for medical treatment for the injuries she received in the accident sued upon.

(f) Has suffered permanent disfigurement and deformity as a result of the injuries she received in the accident sued upon.

WHEREFORE Plaintiff moves the Court for judgment against the Defendant in the amount aforesaid together with Plaintiff's court costs, prejudgment interest from the date of the accident and post judgment interest from the date of judgment. Trial by jury is demanded.

Respectfully submitted:

SHARMAIN THORNTON

By: _____
　　　　Counsel

Philip G. Gardner
GARDNER, BARROW & SHARPE, P.C.
Fourth Floor Fidelity Bank
231 East Church Street
Martinsville, Virginia 24112
Telephone: 276/638-2455
Fax: 276/638-2458
phil@ggbslawfirm.com
Counsel for Plaintiff

3

VIRGINIA:

IN THE CIRCUIT COURT FOR HENRY COUNTY

| | |
|---|---|
| SHARMAIN THORNTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: CL17-1188 |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| d/b/a WAL-MART SUPERCENTER #1243, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

COMES NOW the defendant, Wal-Mart Stores East, LP, d/b/a Wal-Mart Supercenter #1243 ("Wal-Mart"), by counsel, and files this Answer to the allegations contained in the plaintiff's Complaint and, in support thereof, states as follows:

1. With regard to paragraph 1 of the plaintiff's Complaint, Wal-Mart admits that the plaintiff was on or near the premises of the Walmart store located in Henry County, Virginia, on or about the date at issue.

2. With regard to paragraph 2, it is admitted that the defendant owned and/or operated the Walmart store at issue on or about the date at issue.

3. With regard to paragraph 3, it is admitted that the plaintiff was on or near the premises of the Walmart store located in Henry County, Virginia, on or about the date at issue. Wal-Mart is currently without sufficient information to admit or deny the remainder of the allegations stated in paragraph 3 and, therefore, denies the same.

4. Wal-Mart is currently without sufficient information to admit or deny the allegations stated in paragraph 4 and, therefore, denies the same.

5. Wal-Mart denies the allegations stated in paragraph 5.

6. Wal-Mart denies the allegations stated in paragraph 6 and each of its subparts.

    (a) Wal-Mart denies the allegations stated in paragraph 6(a).

    (b) Wal-Mart denies the allegations stated in paragraph 6(b).

    (c) Wal-Mart denies the allegations stated in paragraph 6(c).

    (d) Wal-Mart denies the allegations stated in paragraph 6(d).

    (e) Wal-Mart denies the allegations stated in paragraph 6(e).

    (f) Wal-Mart denies the allegations stated in paragraph 6(f).

7. All allegations in the plaintiff's Complaint not expressly admitted herein are denied.

## Affirmative and Separate Defenses

Wal-Mart states the following as its affirmative and separate defenses:

1. Wal-Mart denies that the plaintiff's incident occurred as described in her Complaint.

2. Wal-Mart denies being guilty of any act of negligence which proximately caused the incident in question.

3. Wal-Mart denies breaching any legal duty owed to the plaintiff.

4. Wal-Mart affirmatively avers and will make the defense at trial that the plaintiff was contributorily negligent and/or assumed the risk of her injuries, thereby barring her recovery herein, should evidence supporting such defenses be developed during the course of discovery or at trial.

5. Wal-Mart affirmatively avers and will make the defense at trial that the condition complained of was open and obvious to the plaintiff and, therefore, required no warning on its part, should such a defense be developed during the course of discovery or at trial.

6. Wal-Mart affirmatively avers and will make the defense at trial that the condition complained of does not amount to an "unsafe condition" or "defect" under Virginia law, should evidence supporting such a defense be developed during the course of discovery or at trial.

7. Wal-Mart affirmatively avers and will make the defense at trial that the plaintiff's injuries were caused by a third party or parties for whose actions it is not responsible at law, should evidence supporting such a defense be developed during the course of discovery or at trial.

8. Wal-Mart reserves the right to rely upon any and all defenses available to it under the law, specifically including, but not limited to, failure to file suit within the applicable statute of limitations, accord and satisfaction, and/or failure to mitigate damages, should evidence supporting such defenses be developed during the course of discovery or at trial.

9. Wal-Mart denies that the plaintiff was injured and damaged to the extent and with the consequences alleged in the Complaint and, therefore, calls upon the plaintiff for strict proof of all such alleged damages.

10. Wal-Mart demands a trial by jury.

WAL-MART STORES EAST, LP,
d/b/a Wal-Mart Supercenter #1243

By: /s/ *signature*
Of Counsel

C. Kailani Memmer (VSB No. 34673)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
GLENN ROBINSON & CATHEY PLC
Fulton Motor Lofts
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia 24016
Telephone: (540) 767-2200
Facsimile: (540) 767-2220
kmemmer@glennrob.com
vskaff@glennrob.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on 3rd day of October, 2017, a copy of the foregoing Answer was sent by first-class mail to the following:

Philip G. Gardner, Esq.
GARDNER, BARROW & SHARPE, P.C.
Fourth Floor Fidelity Bank
231 East Church Street
Martinsville, Virginia 24112
Telephone: (276) 638-2455
Facsimile: (276) 638-2458
phil@ggbslawfirm.com

*Counsel for Plaintiff*

By: _____
    Of Counsel

4