CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 23 2018

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SHARMAIN THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:17-cv-00074 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WAL-MART STORES EAST LP, d/b/a | ) | By: Hon. Jackson L. Kiser |
| Wal-Mart Supercenter #1243, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Wal-Mart Stores East LP's Motion for Summary Judgment [ECF No. 21]. Plaintiff Sharmain Thornton, who is now proceeding *pro se*, filed a memorandum in opposition to the Motion. [ECF No. 24.] I heard oral arguments on August 21, 2018, making the matter ripe for disposition. For the reasons stated herein, Defendant's Motion will be granted.

I. **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

Pursuant to the appropriate standard of review, the facts are recounted in the light most favorable to Plaintiff Sharmain Thornton ("Plaintiff"), the party opposing summary judgment. See Scott v. Harris, 550 U.S. 372, 380 (2007).

On September 28, 2015, Plaintiff and her mother went into the Wal-Mart store located in Martinsville, Virginia. Although it was raining that day, Plaintiff asserts that there were no signs warning of wet floors. Later, when walking down an aisle filled with Halloween paraphernalia, Plaintiff slipped and fell, injuring her knee.

Although Plaintiff did not see what she slipped on before she fell, she identified a 4" x 4" puddle of water underneath her after her fall. She cannot say how the water came to be on the

floor, nor for how long the water had been there. She also has not produced evidence that any Wal-Mart employee was aware of the puddle of water on which she slipped.

Plaintiff originally filed suit in Henry County Circuit Court, and Defendant removed the action to this Court on October 11, 2017. [ECF No. 1.] Following discovery, Defendant moved for summary judgment on August 13, 2018. I held oral argument on the Motion on August 21, and informed the parties at that time that I would grant the Motion for Summary Judgment. This Memorandum Opinion sets forth the legal rationale for my decision.

## II.  STANDARD OF REVIEW

Plaintiff, who is proceeding *pro se*, is entitled to a certain level of deference in her pleadings by virtue of her status as an unrepresented litigant. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "the requirement of liberal construction [of pleadings for *pro se* parties] does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists." Knowles v. S. C.D.C., No. 2:09-1921-MBS, 2010 WL 2990157, at *3 (D.S.C. July 29, 2010).

Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); George & Co. LLC v. Imagination Entm't Ltd., 575 F.3d 383, 392 (4th Cir. 2009). A genuine dispute of material fact exists "[w]here the record taken as a whole could…lead a rational trier of fact to find for the nonmoving party." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal quotation marks and citing reference omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute cannot be created where there is only a scintilla of evidence favoring the nonmovant; rather, the Court must look to the quantum of proof applicable to the claim to

- 2 -

Case 4:17-cv-00074-JLK-RSB   Document 28   Filed 08/23/18   Page 2 of 5   Pageid#: 213

determine whether a genuine dispute exists. Scott, 550 U.S. at 380; Anderson, 477 U.S. at 249−50, 254. Not every factual dispute will defeat a summary judgment motion; there must be a *genuine* dispute over a *material* fact. Anderson, 477 U.S. at 247–48. A fact is material where it might affect the outcome of the case in light of the controlling law. Id. at 248. On a motion for summary judgment, the facts are taken in the light most favorable to the non-moving party insofar as there is a genuine dispute about those facts. Scott, 550 U.S. at 380. At this stage, however, the Court's role is not to weigh the evidence, but simply to determine whether a genuine dispute exists making it appropriate for the case to proceed to trial. Anderson, 477 U.S. at 249.

## III. DISCUSSION

In a diversity case, a federal court must apply the substantive law of the forum state. See generally Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Therefore, the Virginia law applicable to slip-and-fall cases governs this case. Logan v. Boddie-Noell Enter., Inc., No. 4:11-cv-8, 2012 WL 135284, at *4 (W.D. Va. January 18, 2012).

The parties agree that, on the date in question, Plaintiff was Wal-Mart's invitee. In Virginia, a business owner owes an invitee,

> the duty to exercise ordinary care toward her as its invitee upon the premises. In carrying out this duty [the business owner is] required to have the premises in a reasonably safe condition for [the invitee's] visit; to remove, within a reasonably time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that others persons had placed there; [and] to warn [the invitee] of the unsafe condition if it was unknown to her, but was or should have been, known to the [business owner].

Colonial Stores Inc. v. Pulley, 125 S.E.2d 188, 190 (Va. 1962). The owner is not, however, "an insurer of the safety of the premises." Gauldin v. Va. Winn-Dixie, Inc., 370 F.2d 167, 169 (4th

Cir. 1966). A plaintiff "must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a *prima facie* case of negligence." Grim v. Rahe, Inc., 434 S.E.2d 888, 889 (Va. 1993). Wal-Mart contends that Plaintiff has failed to present evidence that it had actual or constructive knowledge of the spill.

In the absence of actual knowledge, constructive knowledge may be demonstrated by "evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Id. at 890. In Grim, a "broken fluorescent light" burned the defendant, a toddler, after he touched the area under a customer counter. Id. at 888. The Virginia Supreme Court held that because the plaintiff had failed to provide any evidence "as to when the fixture was broken [or] how it was broken," it could not establish that it had existed long enough to give the defendant constructive notice of its existence. Id. at 890. As a result, the defendant prevailed as a matter of law.

"[W]ith respect to the issue of notice, plaintiff need only show that under some reasonable inference from the evidence [the store owner's] duty to warn against or remedy the dangerous condition had been triggered." Austin v. Shoney's, Inc., 486 S.E.2d 285, 288 (Va. 1997). Here, however, Plaintiff has failed to present evidence to show how the water came to be on the floor (if a Wal-Mart employee spilled the water, notice would be established), or for how long the water had been there (after a certain amount of time, Wal-Mart with be charged with constructive notice of its existence). As it stands, a fact-finder cannot determine if the water had been there a matter of seconds, or a matter of hours. Absent such evidence, Plaintiff cannot show actual or constructive notice, and therefore her claim must fail. Accord Gauldin, 370 F.2d at 170; Bass v. Wal-Mart Stores, Inc., No. 4:16cv00033, 2017 WL 943964, at *3 (W.D. Va. March 9, 2017); Logan v. Boddie-Noell Enters., Inc., No. 4:11-cv-00008, 2012 WL 135284, at

*8 (W.D. Va. Jan. 18, 2012); Harrison v. The Kroger Co., 737 F. Supp. 2d 554, 558–60 (W.D. Va. 2010).

## IV. CONCLUSION

Absent evidence of actual or constructive notice, Plaintiff cannot succeed on her claim. Wal-Mart's Motion for Summary Judgment must be granted.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Plaintiff and all counsel of record.

**ENTERED** this 23rd day of August, 2018.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

- 5 -

Case 4:17-cv-00074-JLK-RSB   Document 28   Filed 08/23/18   Page 5 of 5   Pageid#: 216